Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL IX

| UNIVERSAL INSURANCE COMPANY, POPULAR AUTO<br><br>Apelante<br><br><br>v.<br><br><br>ESTADO LIBRE ASOCIADO DE PUERTO RICO, SECRETARIO DE JUSTICIA Y SUPERINTENDENTE POLICÍA DE PUERTO RICO<br><br>Apelados | TA2025AP00647 | *APELACIÓN* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso número: BY2025CE00146<br><br>Sobre: Impugnación de confiscación |

Panel integrado por su presidenta, la juez Brignoni Mártir, el juez Salgado Schwarz y la juez Aldebol Mora.

Aldebol Mora, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico, a 15 de enero de 2026.

Comparece ante nos la parte apelante, Popular Auto y solicita la revocación de la *Sentencia* emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 20 de octubre de 2025 y notificada al día siguiente. Mediante el referido dictamen, el foro primario declaró No Ha Lugar la *Demanda* presentada sobre impugnación de confiscación.

Por los fundamentos que expondremos a continuación, se revoca la *Sentencia* apelada. En consecuencia, se devuelve el caso a la consideración del foro primario para la continuación de los procedimientos de forma cónsona con lo dispuesto en esta *Sentencia.*

### I

El 14 de enero de 2025, Universal Insurance Company (Universal) y Popular Auto, presentaron una *Demanda* sobre impugnación de confiscación en contra del Estado Libre Asociado de

Puerto Rico (ELA), el Secretario de Justicia y el Superintendente de la Policía de Puerto Rico (en conjunto, parte apelada).[1] En síntesis, alegaron que Popular Auto es la dueña del contrato de venta condicional de un vehículo Hyundai Accent del 2020, el cual tiene un gravamen anotado a su favor en el Registro de Automóviles del Departamento de Transportación y Obras Públicas. Asimismo, alegaron que la parte apelada confiscó el referido vehículo en el Municipio de Vega Alta y que dicha confiscación es nula e ilegal, por no haberse cumplido con los requisitos exigidos por la Ley Núm. 119-2011, según enmendada, 34 LPRA sec. 1724 *et seq.*,[2] y debido a que no satisfizo el requisito de notificación a las partes que se exige en la referida legislación. Como remedio, solicitó del foro primario que decretase la invalidez de la confiscación.

Por su parte, el 27 de febrero de 2025, la parte apelada presentó una *Contestación a Demanda.*[3] En el referido escrito, la parte apelada alegó varias defensas afirmativas; entre estas, que Universal y Popular Auto carecen de legitimación activa sobre el vehículo confiscado, debido a que no demostraron ser cesionarios del derecho propietario sobre el bien confiscado.

Así las cosas, el 5 de marzo de 2025, Universal y Popular Auto presentaron una *Moción Informativa,*[4] en la que procuraron rebatir el planteamiento de la parte apelada a los efectos de que carecen de legitimación activa para incoar la *Demanda* de epígrafe. A tales fines, anejaron varios documentos en los que fundamentaron su legitimación activa, como lo son el Certificado de Título, en el que Popular Auto figura como titular del mencionado gravamen, así como la Declaración de Financiamiento (DTOP-770), en la que aparece como acreedor.

---

[1] Entrada núm. 1 del caso núm. BY2025CE00146 en el Sistema Unificado para el Manejo y Administración de Casos (SUMAC).
[2] A esta ley se le conoce como la *Ley Uniforme de Confiscaciones de 2011.*
[3] Entrada núm. 2 del caso núm. BY2025CE00146 en el SUMAC.
[4] Entrada núm. 8 del caso núm. BY2025CE00146 en el SUMAC.

Cabe destacar que, ese mismo día, el foro *a quo* llevó a cabo una vista de legitimación activa en la que se discutieron los documentos antes mencionados. Sin embargo, debido a que la referida documentación no acreditaba cesión de derecho alguno a favor de Universal, Universal desistió de la causa de acción que instó, por lo que el foro primario únicamente reconoció la legitimación activa de Popular Auto (parte apelante).[5]

Luego de varias incidencias procesales relacionadas con el proceso de descubrimiento de prueba, el 19 de agosto de 2025, las partes presentaron un *Informe Preliminar de Conferencia con Antelación al Juicio*.[6] Asimismo, el 26 de septiembre de 2025, la parte apelada presentó una *Solicitud de Sentencia Sumaria*,[7] mientras que, el 6 de octubre de 2025, la parte apelante presentó una *Oposición a Solicitud de Sentencia Sumaria*.[8]

En específico, mediante la moción dispositiva presentada, la parte apelada formuló catorce (14) determinaciones de hechos sobre los cuales considera no existen controversias de hechos esenciales. En consecuencia, adujo que no es necesaria la celebración de un juicio en su fondo y que debe prevalecer la presunción de legalidad y corrección de la confiscación, por lo que reclamó del foro primario que declarase No Ha Lugar la *Demanda* de epígrafe.

Tras evaluar la postura de ambas partes, el 20 de octubre de 2025, el foro primario emitió la *Sentencia* apelada, la cual fue notificada al día siguiente.[9] Mediante el dictamen apelado, el foro *a quo* dictó sentencia sumaria y declaró No Ha Lugar la *Demanda* de epígrafe. Esencialmente, concluyó que "una vista evidenciaria no es

---

[5] Véase, *Minuta* de la vista llevada a cabo el 5 de marzo de 2025. Entrada núm. 10 del caso núm. BY2025CE00146 en el SUMAC.
[6] Entrada núm. 18 del caso núm. BY2025CE00146 en el SUMAC.
[7] Entrada núm. 22 del caso núm. BY2025CE00146 en el SUMAC.
[8] Entrada núm. 25 del caso núm. BY2025CE00146 en el SUMAC.
[9] Entrada núm. 26 del caso núm. BY2025CE00146 en el SUMAC.

necesaria para resolver el caso de autos".[10] Ello, tras sostener que no existe controversia sobre la legalidad y la forma de la Orden de Registro y Allanamientos admitida.[11]

En desacuerdo, el 4 de noviembre de 2025, la parte apelante presentó una *Moción de Reconsideración*.[12] Por su parte, el 6 de noviembre de 2025, la parte apelada presentó una *Oposición a Reconsideración*.[13]

Luego de evaluar ambos escritos, el foro primario declaró No Ha Lugar la *Moción de Reconsideración*. Ello, mediante una *Resolución* que fue emitida el 10 de noviembre de 2025 y notificada el día 12 del mismo mes y año.[14]

Todavía inconforme, el 8 de diciembre de 2025, la parte apelante instó el recurso de epígrafe y señaló el siguiente único señalamiento de error:

> Erró el Tribunal de Primera Instancia, Sala de Bayamón al declarar No Ha Lugar la demanda de impugnación de confiscación mediante el mecanismo de la sentencia sumaria, sin permitirle a la parte apelante impugnar la confiscación en un juicio en su fondo.

Evaluado lo anterior, el 10 de diciembre de 2025 emitimos y notificamos una *Resolución*. En virtud de esta, le ordenamos a la parte apelada presentar su alegato, dentro del término de treinta (30) días contemplado en la Regla 22 del Reglamento del Tribunal de Apelaciones, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 45-46, 215 DPR ___ (2025).

En cumplimiento con nuestra orden, el 30 de diciembre de 2025, la parte apelada presentó un *Alegato*. En esencia, la parte apelada rechazó que el foro *a quo* cometiese el error señalado por la parte apelante. En específico, señaló que el foro primario actuó

---

[10] *Sentencia* apelada, pág. 10. Entrada núm. 26 del caso núm. BY2025CE00146 en el SUMAC.

[11] *Sentencia* apelada, pág. 9. Entrada núm. 26 del caso núm. BY2025CE00146 en el SUMAC.

[12] Entrada núm. 28 del caso núm. BY2025CE00146 en el SUMAC.

[13] Entrada núm. 30 del caso núm. BY2025CE00146 en el SUMAC.

[14] Entrada núm. 31 del caso núm. BY2025CE00146 en el SUMAC.

correctamente al declarar No Ha Lugar la *Demanda* de epígrafe, debido a que la parte apelante no demostró contar con evidencia suficiente para probar su reclamo. Asimismo, puntualizó que la *Solicitud de Sentencia Sumaria* instada, la cual se fundamenta en insuficiencia de prueba, satisface los requisitos de la Regla 36 de Procedimiento Civil, 32 LPRA Ap. V, R. 36, mientras que la parte apelante incumplió con su deber de presentar una oposición debidamente fundamentada.

Con el beneficio de la comparecencia de ambas partes, procedemos a disponer del asunto ante nuestra consideración.

## II

## A

El mecanismo de sentencia sumaria provisto en la Regla 36 de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 36, es un vehículo para asegurar la solución justa, rápida y económica de un caso. *Batista Valentín v. Batista Valentín,* res. 1 de octubre de 2025, 2025 TSPR 93; *Cooperativa de Seguros Múltiples de Puerto Rico y Popular Auto, LLC. v. Estado Libre Asociado de Puerto Rico*, res. 5 de agosto de 2025, 2025 TSPR 78; *Serrano Picón v. Multinational Life Ins.*, 212 DPR 981 (2023); *Oriental Bank v. Caballero García,* 212 DPR 671 (2023). Dicho mecanismo permite a los tribunales disponer, parcial o totalmente, de litigios civiles en aquellas situaciones en las cuales no exista controversia material de hecho que requiera ventilarse en un juicio plenario y el derecho así lo permita. *Segarra Rivera v. Int'l. Shipping et al.*, 208 DPR 964, 979-980 (2022). Este mecanismo lo puede utilizar, tanto la parte reclamante, como aquella parte que se defiende de una reclamación. 32 LPRA Ap. V, R. 36.1 y 36.2.

Mediante el mecanismo de sentencia sumaria, se procura profundizar en las alegaciones para verificar si, en efecto, los hechos ameritan dilucidarse en un juicio. *León Torres v. Rivera Lebrón,* 204 DPR 20, 42 (2020). Este cauce sumario resulta beneficioso tanto

para el tribunal, como para las partes en un pleito, pues permite agilizar el proceso judicial, mientras simultáneamente se provee a los litigantes un mecanismo procesal encaminado a alcanzar un remedio justo, rápido y económico. *Segarra Rivera v. Int'l. Shipping et al.*, supra. Como se sabe, en aras de prevalecer en una reclamación, la parte promovente debe presentar prueba incontrovertible sobre todos los elementos indispensables de su causa de acción. *Íd.*

Nuestro ordenamiento civil y su jurisprudencia interpretativa impone unos requisitos de forma con los cuales hay que cumplir al momento de presentar una solicitud de sentencia sumaria, a saber: (1) una exposición breve de las alegaciones de las partes; (2) los asuntos litigiosos o en controversia; (3) la causa de acción sobre la cual se solicita la sentencia sumaria; (4) una relación concisa, organizada y en párrafos enumerados de todos los hechos esenciales y pertinentes sobre los cuales no hay controversia sustancial, con indicación de los párrafos o las páginas de las declaraciones juradas u otra prueba admisible en evidencia donde se establecen estos hechos, así como de cualquier otro documento admisible en evidencia que se encuentre en el expediente del tribunal; (5) las razones por las cuales se debe dictar la sentencia, argumentando el derecho aplicable, y (6) el remedio que debe ser concedido. Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3; *Oriental Bank v. Caballero García*, supra; *Pérez Vargas v. Office Depot*, 203 DPR 687, 698 (2019). Si la parte promovente de la moción incumple con estos requisitos, "el tribunal no estará obligado a considerar su pedido". *Meléndez González et al. v. M. Cuebas*, 193 DPR 100, 111 (2015).

Por otro lado, "la parte que desafía una solicitud de sentencia sumaria no puede descansar en las aseveraciones o negaciones consignadas en su alegación". *León Torres v. Rivera Lebrón,* supra*,*

pág. 43. Por el contrario, quien se opone a que se declare con lugar esta solicitud viene obligado a enfrentar la moción de su adversario de forma tan detallada y específica como lo ha hecho la parte promovente puesto que, si incumple, corre el riesgo de que se dicte sentencia sumaria en su contra, si la misma procede en derecho. *Íd.*

Por ello, en la oposición a una solicitud de sentencia sumaria, la parte promovida debe puntualizar aquellos hechos propuestos que pretende controvertir y, si así lo desea, someter hechos materiales adicionales que alega no están en disputa y que impiden que se dicte sentencia sumaria en su contra. *León Torres v. Rivera Lebrón,* supra. Claro está, para cada uno de estos supuestos deberá hacer referencia a la prueba específica que sostiene su posición, según exigido por la Regla 36.3 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3. *Íd.* En otras palabras, la parte opositora tiene el peso de presentar evidencia sustancial que apoye los hechos materiales que alega están en disputa. *Íd.* De lo anterior, se puede colegir que, ante el incumplimiento de las partes con las formalidades de la Regla 36 de Procedimiento Civil de 2009, *supra,* la consideración de sus posiciones descansa en la sana discreción del Tribunal.

Al atender la solicitud, el Tribunal deberá asumir como ciertos los hechos no controvertidos que se encuentren sustentados por los documentos presentados por la parte promovente. *E.L.A. v. Cole,* 164 DPR 608, 626 (2005). Toda inferencia razonable que pueda surgir de los hechos y de los documentos se debe interpretar en contra de quien solicita la sentencia sumaria, pues solo procede si bajo ningún supuesto de hechos la parte promovida prevalece. *Íd.,* pág. 625. Además, al evaluar los méritos de una solicitud de sentencia sumaria, el juzgador debe actuar guiado por la prudencia y ser consciente, en todo momento, que su determinación puede conllevar el que se prive a una de las partes de su "día en corte",

componente integral del debido proceso de ley. *León Torres v. Rivera Lebrón,* supra*,* pág. 44.

Sin embargo, la sentencia sumaria generalmente no procederá cuando existan controversias sobre hechos esenciales materiales, o si la controversia del caso está basada en elementos subjetivos como intención, propósitos mentales, negligencia o credibilidad. *Cruz, López v. Casa Bella y otros*, 213 DPR 980, 993 (2024); *Acevedo y otros v. Depto. Hacienda y otros*, supra; *Segarra Rivera v. Int'l. Shipping et al.,* supra. Un hecho material es aquel que puede afectar el resultado de la reclamación de acuerdo con el derecho sustantivo aplicable. *BPPR v. Zorrilla y otro*, 214 DPR 329, 338 (2024); *Oriental Bank v. Caballero García,* supra, pág. 7; *Mejías et al. v. Carrasquillo et al.*, 185 DPR 288, 299 (2012); *Ramos Pérez v. Univisión*, 178 DPR 200, 213 (2010).

Ahora bien, el Tribunal Supremo ha reiterado que cualquier duda no es suficiente para derrotar una moción de sentencia sumaria, pues debe tratarse de una incertidumbre que permita concluir que existe una controversia real sobre hechos relevantes y pertinentes. *Íd*. Además, existen casos que no se deben resolver mediante sentencia sumaria, porque resulta difícil reunir la verdad de los hechos mediante declaraciones juradas o deposiciones. *Jusino et als. v. Walgreens*, 155 DPR 560, 579 (2001). De igual modo, no es apropiado resolver por la vía sumaria "casos complejos o casos que involucren cuestiones de interés público". *Íd*. No obstante, la sentencia sumaria procederá si atiende cuestiones de derecho. *Universal Ins. y otro v. ELA y otros*, 211 DPR 455, 472 (2023).

El Tribunal Supremo de Puerto Rico ha discutido los criterios que este Tribunal de Apelaciones debe considerar al momento de revisar una sentencia dictada sumariamente por el foro primario. *Roldán Flores v. M. Cuebas et al.*, 199 DPR 664, 679-680 (2018);

*Meléndez González et al. v. M. Cuebas,* supra, págs. 118-119. Sobre ese particular, nuestro más Alto Foro señaló que:

> [E]l Tribunal de Apelaciones debe: (1) examinar *de novo* el expediente y aplicar los criterios que la Regla 36 de Procedimiento Civil, *supra,* y la jurisprudencia le exigen al foro primario; (2) revisar que tanto la Moción de Sentencia Sumaria como su oposición cumplan con los requisitos de forma codificados en la referida Regla 36; (3) revisar si en realidad existen hechos materiales en controversia y, de haberlos, cumplir con la exigencia de la Regla 36.4 de Procedimiento Civil, 32 LPRA Ap. V, de exponer concretamente cuáles hechos materiales encontró que están en controversia y cuáles están incontrovertidos, y (4) de encontrar que los hechos materiales realmente están incontrovertidos, debe proceder a revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el Derecho a la controversia.

*Roldán Flores v. M. Cuebas et al.,* supra, pág. 679.

Conforme a lo anterior, nos encontramos en la misma posición para evaluar la procedencia de una sentencia sumaria. *Banco Popular de Puerto Rico v. Cable Media of Puerto Rico, Inc.*, res. 7 de enero de 2025, 2025 TSPR 1; *BPPR v. Zorrilla y otro*, supra; *Birriel Colón v. Econo y otro*, 213 DPR 80, 91 (2023). Por ello, nuestra revisión es *de novo* y nuestro análisis debe regirse por las disposiciones de la Regla 36 de Procedimiento Civil, *supra,* así como de su jurisprudencia interpretativa. *González Meléndez v. Mun. San Juan et al.*, 212 DPR 601, 611 (2023). A tenor con la referida normativa, dicha revisión se realizará de la manera más favorable hacia la parte que se opuso a la solicitud de sentencia sumaria en el foro de origen y luego de realizar todas las inferencias permisibles a su favor. *Birriel Colón v. Econo y otro*, supra; *Meléndez González et al. v. M. Cuebas*, supra, pág. 118. De esta manera, si entendemos que los hechos materiales realmente están incontrovertidos, nos corresponde revisar *de novo* si el foro primario aplicó correctamente el derecho. *González Meléndez v. Mun. San Juan et al.*, supra.

**B**

La confiscación "es el acto de ocupación que lleva a cabo el Estado de todo derecho de propiedad sobre cualesquiera bienes que hayan sido utilizados en relación con la comisión de ciertos delitos". *Universal Ins. y otro v. ELA y otros*, 211 DPR 455, 463 (2023); *Reliable Financial v. ELA*, 197 DPR 289, 296 (2017); *Centeno Rodríguez v. E.L.A.*, 170 DPR 907, 912-913 (2007). Por la severidad que conlleva dicho acto gubernamental, el Tribunal Supremo ha enfatizado que tal mecanismo representa una privación de la propiedad que debe satisfacer las garantías mínimas del debido proceso de ley. *Reliable v. Depto. Justicia y ELA*, 195 DPR 917, 924-925 (2016). Asimismo, representa una excepción al mandato constitucional que prohíbe que el Estado tome propiedad privada para fines públicos sin justa compensación. *Coop. Seg. Múlt. v. E.L.A.*, 180 DPR 655, 662-663 (2011). La potestad gubernamental de apropiarse de bienes relacionados con una actividad ilícita es un procedimiento estatutario que actúa a manera de una sanción adicional a aquella impuesta por razón de la conducta punible que la motiva. *Mapfre v. ELA*, 188 DPR 517, 525 (2013).

En nuestra jurisdicción, el proceso de confiscación está regulado por la Ley Núm. 119-2011, según enmendada, 34 LPRA sec. 1724 *et seq.*, conocida como Ley Uniforme de Confiscaciones de 2011, la cual provee un trámite justo, expedito y uniforme para la confiscación de bienes por parte del Gobierno. *Coop. Seg. Múlt. et als. v. ELA et al.*, 209 DPR 796, 805 (2022); *Figueroa Santiago et als. v. ELA*, 207 DPR 923 (2021). Mediante el referido estatuto, la Asamblea Legislativa estableció como política pública los mecanismos para facilitar y agilizar el proceso de confiscación de bienes, tanto muebles e inmuebles, así como para velar por los derechos y reclamos de las personas afectadas por una confiscación. Artículo 2 de la Ley Núm. 119-2011, 34 LPRA sec. 1724 nota.

En lo pertinente, el Tribunal Supremo ha sostenido lo siguiente:

> Ante esta intervención del Estado con la propiedad de los ciudadanos y el **derecho constitucional que les asiste a no ser privados de sus bienes sin un debido proceso de ley**, la legislación vigente contiene una serie de disposiciones dirigidas a garantizar que aquellas personas con interés en la propiedad confiscada puedan impugnar en los tribunales el proceso de confiscación mediante una demanda civil.

*CSMPR et al. v. ELA*, 196 DPR 639, 645 (2016). (Negrillas suplidas).

A tales fines, la Ley Núm. 119-2011 determina, específicamente, a quiénes el Estado tiene la obligación de notificar la confiscación realizada y la tasación de la propiedad; ello, a fin de salvaguardar los derechos constitucionales de las personas con interés legal sobre los bienes confiscados. *Íd.*; *Mapfre v. ELA*, supra.

Conforme a lo anterior, el Artículo 13 de Ley Núm. 119-2011, 34 LPRA sec. 1724j, establece quiénes deben ser notificados sobre la confiscación. *Mapfre v. ELA*, supra. En particular, el referido articulado dispone que el Director Administrativo de la Junta de Confiscaciones está obligado a notificar, entre otros, a las siguientes personas:

> (a) A la persona que tuviere la posesión física del bien al momento de la ocupación.
> (b) A aquéllas que[,] por las circunstancias, información y creencia, el Director Administrativo considere como dueños de dicho bien.
> (c) En los casos de vehículos de motor, se notificará, además, al dueño, según consta en el Registro de Vehículos del Departamento de Transportación y Obras Públicas y al acreedor condicional que a la fecha de la ocupación tenga su contrato inscrito.
>
> [...]

Sobre el proceso de la confiscación, el Artículo 8 de la Ley Núm. 119-2011, establece, en lo pertinente, lo siguiente:

> El proceso de confiscación será uno civil dirigido contra los bienes e independiente de cualquier otro proceso de naturaleza penal, civil o administrativa que se pueda llevar contra el dueño o el poseedor de los bienes ocupados bajo las disposiciones de cualquier ley que autorice la confiscación de bienes por parte del Estado. Los procesos de confiscación bajo esta Ley podrán

llevarse a cabo y culminarse antes de que se acuse, se declare culpable o absuelva al acusado. Debido al carácter civil del proceso, la culpabilidad o inocencia del acusado no deberá tomarse en cuenta en el proceso de confiscación, solo deberá tomarse en cuenta la adjudicación de los hechos en sus méritos. **Lo determinante en este proceso será si el bien en cuestión fue utilizado en la comisión de un delito independientemente del resultado de la acción criminal o de alguna otra naturaleza**.

34 LPRA sec. 1724e. (Negrillas suplidas).

Así las cosas, en su Artículo 15, la Ley Núm. 119-2011 dispone un mecanismo para impugnar la confiscación de cualquier bien, que haya sido llevada a cabo de conformidad con sus disposiciones. De este modo, el referido artículo dispone que para ello hay "treinta (30) días siguientes a la fecha en que se reciba la notificación, mediante la radicación de una demanda contra el [ELA], y el funcionario que autorizó la ocupación [...]". 34 LPRA sec. 1724m.

### III

Mediante el único señalamiento de error formulado, Popular Auto adujo que el foro primario incidió al declarar No Ha Lugar la *Demanda* de epígrafe, mediante el mecanismo de sentencia sumaria. Ello, sin permitirle a la parte apelante impugnar la confiscación en un juicio en su fondo. Como veremos a continuación, este error se cometió.

Comenzamos por subrayar que, como foro apelativo intermedio, estamos llamados a revisar *de novo* la *Solicitud de Sentencia Sumaria* instada por la parte apelante ante el foro *a quo*. Ello, ya que, en su interpretación de la Regla 36 de Procedimiento Civil, *supra*, nuestro Tribunal Supremo ha reiterado que nos encontramos en la misma posición que el foro primario para adjudicar la procedencia de una moción de sentencia sumaria.

En consideración a lo anterior, y tras llevar a cabo el referido análisis *de novo* que el Tribunal Supremo nos encomienda,

formulamos las siguientes **determinaciones de hechos incontrovertidos**:

1) El 26 de noviembre de 2024, el Estado ocupó el vehículo de motor marca Hyundai, modelo Accent, tablilla JHM-240, del año 2020. Dicho vehículo fue confiscado.

2) El vehículo fue tasado en $12,000.00.

3) La notificación de la ocupación del vehículo se realizó el 18 de diciembre de 2024, dentro del término establecido en el Artículo 15 de la Ley Núm. 119-2011, según enmendada.

4) La *Demanda* de epígrafe y los emplazamientos fueron presentados dentro del término establecido en el Artículo 15 de la Ley Núm. 119-2011.

5) El 5 de marzo de 2025, el Tribunal de Primera Instancia adjudicó que Popular Auto posee legitimación activa para instar la *Demanda* de epígrafe. Sin embargo, Universal Insurance no acreditó cesión de derecho alguno a su favor, por lo que solicitó el desistimiento de su causa de acción. En consecuencia, al presente, únicamente Popular Auto permanece como demandante.

6) Como parte del proceso de intervención policial, luego de ocupar el vehículo, el 26 de noviembre de 2024, el Agente Edgar Ortiz Osorio, con placa 38146, de la División de Drogas Metro, consultó la intervención con la Fiscal Linda L. Sepúlveda Irizarry, quien lo autorizó a solicitar ante un magistrado una *Orden de Registro y Allanamiento* contra el vehículo Hyundai, modelo Accent, tablilla JHM-240, del año 2020.

7) El 26 de noviembre de 2024, el Agente Edgar Ortiz Osorio, placa 38146, de la División de Drogas Metro, prestó una declaración jurada de los hechos que motivaron la intervención ante la Hon. Angela Díaz Escalera, Jueza Municipal, como parte de la solicitud de una *Orden de Registro y Allanamiento* contra dicho vehículo.

8) Luego de aquilatar la prueba, la Hon. Angela Díaz Escalera, Jueza Municipal, expidió una *Orden de Registro y Allanamiento* contra el vehículo confiscado.

9) Una vez expedida la *Orden de Registro y Allanamiento*, el Agente Edgar Ortiz Osorio la diligenció.

10) Una vez el Agente Edgar Ortiz Osorio realizó el registro del vehículo, encontró una pistola marca GLOCK, con número de serie AAGK670, modelo 17,

con un cargador y 17 municiones calibre 9 milímetros.

11) No se pudieron presentar denuncias, debido a que nadie se encontraba dentro del vehículo.

12) La Ley Núm. 119-2011 es el derecho aplicable a la acción de impugnación de epígrafe.

Del mismo modo, tras llevar a cabo el análisis *de novo* que el Tribunal Supremo nos encomienda, formulamos la siguiente determinación de **hecho en controversia**:

1) Si la intervención llevada a cabo por el Agente Edgar Ortiz Osorio -que condujo a la confiscación del vehículo Hyundai, modelo Accent, tablilla JHM-240, del año 2020, y eventual ocupación de una pistola marca GLOCK, con número de serie AAGK670, modelo 17, con un cargador y 17 municiones calibre 9 milímetros- se basó en motivos fundados y, en consecuencia, satisfizo las garantías del debido proceso de ley, de conformidad con la Ley Núm. 119-2011.

Cabe destacar que, en la *Sentencia* apelada, el foro primario determinó los siguientes **hechos incontrovertidos**, que este Foro **no acoge**:

1) El vehículo Hyundai, modelo Accent, tablilla JHM-240, del año 2020, fue confiscado por su uso en violación del Artículo 6.15 [de la] Ley de Armas de Puerto Rico de 2020.

2) De la declaración jurada del Agente Edgar Ortiz Osorio ante la Honorable Jueza Angela Díaz Escalera, se desprende que el 25 de noviembre de 2024, el agente se encontraba brindando cooperación en un diligenciamiento de Orden de Registro y Allanamiento en el Residencial la Violetas en Vega Alta. Que llegó allí a eso de las 5:45 A.M. Que su labor era la de brindar cooperación en el área del perímetro exterior. Que una vez allí, al lado del edificio Núm. 10, se ubicó cerca de un vehículo de motor marca Hyundai, modelo Accent, tablilla JHM-240, año 2020. Que una vez allí, se percata de que dicho vehículo emanaba un hedor fuerte a marihuana, esto por su experiencia como agente de la División de Drogas y Narcóticos. Que le dio conocimiento a su supervisor Sgto. Héctor Vélez placa 8- 19906, solicitándole que hiciera gestiones con la Unidad Canina que se encontraba en el lugar. Allí se personó el policía Agosto #003 en compañía de su Can Laika #009. El agente, observa cuando el Can Laika guía a su manejador hacia donde se encontraba el vehículo Hyundai antes descrito y el can se sentó frente al área de la puerta del conductor del vehículo indicado. Acto seguido el policía Agosto

#003 le informa que su can alertó sobre la posible presencia de sustancias controladas en el interior del vehículo. El agente Edgar Ortiz Osorio selló e inició el vehículo y gestionó su transportación al área de la División de Drogas Metropolitana, escoltado por él mismo.

Como parte de nuestro análisis, consideramos necesario reseñar que, en su escrito de *Oposición a Solicitud de Sentencia Sumaria*, la parte apelante no controvirtió adecuadamente la relación de hechos incontrovertidos formulada por la parte apelada en la *Solicitud de Sentencia Sumaria* instada ante el foro *a quo*. Ello, pues la referida comparecencia escrita presentada ante el foro primario no satisfizo los requerimientos de la Regla 36.3(b) de Procedimiento Civil, 32 LPRA Ap. V, R. 36.3(b). En cambio, salta también a la vista que la *Solicitud de Sentencia Sumaria* presentada por la parte apelada satisfizo los requisitos básicos de la Regla 36.2 de Procedimiento Civil, 32 LPRA Ap. V, R. 36.2.

No obstante, y como resultado del ejercicio de revisión *de novo* que este foro apelativo intermedio realizó, suscribimos las expresiones del Tribunal Supremo en *Jusino et als. v. Walgreens*, supra, pág. 579, por considerarlas de pertinencia para el análisis de este caso. Así, en la opinión mayoritaria emitida en esa ocasión, nuestro más Alto Foro reiteró, en lo pertinente, que "existen litigios y controversias que por su naturaleza no resulta aconsejable resolverlos mediante una sentencia dictada sumariamente […]". *Íd.*, citando a *Soto v. Hotel Caribe Hilton*, 137 DPR 294, 311 (1994); *García López v. Méndez García*, 88 DPR 363, 379 (1963). De forma cónsona, el Tribunal Supremo identificó "como posibles controversias de esta naturaleza aquellas que contienen **elementos subjetivos**, es decir, **aquellas en las que el factor credibilidad juegue un papel esencial o decisivo** para llegar a la verdad […]". *Íd*. (Negrillas suplidas).

Así las cosas, luego de realizar el análisis *de novo* que nos corresponde, somos del criterio que, para poder adjudicar adecuadamente la procedencia de la impugnación de la confiscación por parte de Popular Auto, es necesario llevar a cabo una vista evidenciaria. De este modo, el agente Edgar Ortiz Osorio tendría la oportunidad de testificar bajo juramento sobre los hechos que surgen de la declaración jurada que prestó el 24 de noviembre de 2024 y al amparo de la cual el foro primario emitió la *Orden de Registro y Allanamiento* a la que hemos hecho referencia.

En fin, en virtud del razonamiento consignado en esta *Sentencia,* procede declarar No Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por la parte apelada. En consecuencia, corresponde devolver el caso ante la consideración del foro primario, para que celebre una vista evidenciaria que le permita dilucidar el hecho en controversia aquí señalado.

**IV**

Por los fundamentos que anteceden, se revoca la *Sentencia* apelada. En consecuencia, se declara No Ha Lugar la *Solicitud de Sentencia Sumaria* presentada por la parte apelada y se devuelve el caso ante la consideración del Tribunal de Primera Instancia, Sala Superior de Bayamón, para que celebre una vista evidenciaria a los fines detallados en la presente *Sentencia.*

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones